IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CECIL BROWNE, | : |
| Petitioner, | : |
| v. | : Civil Action No. 04-870-JJF |
| THOMAS CARROLL, Warden, and M. JANE BRADY, Attorney General for the State of Delaware, | : |
| Respondents. | : |

**O R D E R**

At Wilmington this 31 day of August, 2005;

IT IS ORDERED that:

Petitioner Cecil Browne's "Motion(s) For Appointment Of Counsel And For An Evidentiary Hearing," filed pursuant to Rule 8(a),(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, are DENIED without prejudice to renew. (D.I. 11; D.I. 19.)

The AEDPA limits a district court's discretion to conduct evidentiary hearings on habeas review. See 28 U.S.C. § 2254(e); Campbell v. Vaughn, 209 F.3d 280, 286-87 (3d Cir. 2001). In determining whether to conduct an evidentiary hearing, a federal habeas court should focus "on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." Id. at 287. A

court properly refuses a request to conduct an evidentiary hearing where the petitioner fails "'to forecast any evidence beyond that already contained in the record' that would otherwise help his cause, 'or otherwise explain how his claim would be advanced by an evidentiary hearing.'" Campbell, 208 F.3d at 287 (quoting Cardwell, 152 F.3d at 338).

Although a pro se litigant has no automatic constitutional or statutory right to representation in a federal habeas proceeding, See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999), a federal habeas court is required to appoint counsel if it determines that an evidentiary hearing is warranted. Rule 8(c), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. If a court determines that an evidentiary hearing is not warranted, then the court may seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court

determines that the "interests of justice so require").

Here, because Petitioner fails to state how an evidentiary hearing will help to advance his claims, the Court finds that an evidentiary hearing is not warranted. Consequently, the Court is not required to appoint an attorney to represent Petitioner. The Court also concludes that the "interests of justice" do not warrant representation by counsel at this time. Accordingly, the Court denies Petitioner's requests for an evidentiary hearing and representation by counsel.

_____<br>
UNITED STATES DISTRICT JUDGE