# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Cecil Browne )
)
)
v. ) Civ. A. No. 004-
) 870-JJF
)
Thomas Carroll, warden )
and M. Jane Brady, )
Attorney General for the )
State of Delaware )



FILED

SEP 20 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION FOR APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING

Comes Now, Cecil Browne, Pro-Se, and moves this Honorable Court for a Motion For Appointment Of Counsel and a Motion For An Evidentiary Hearing pursuant to Federal Rules of Civil Procedure Rule 8 (a) and (c) as well as 18 U.S.C. § 3006 A.

Petitioner is filing this motion in the interest of justice, due to the illegal convictions, in violation of his 5th, 6th and 14th amendment rights on or about this 19th day of September 2005.

In support of this motion petitioner asserts the following:

Petitioner claims its due to the constant constitutional violations that he request this Honorable Court to liberally construe this motion. see... <u>Zilich v. Lucht</u>, 981 F.2d. 694 (3rd Cir. 1992)

Petitioner claims he is actually innocent of all charges and if he was given effective assistance of counsel in the beginning of these criminal proceedings, he would not have been found guilty of any of the charges. see... <u>Schlup v. Delo</u>, 513 U.S. 298, 327 115 S.ct. 851 130 L.Ed. 2d 808 (1995);

<u>Bousley v. United States</u>, 523 U.S. 614, 622, 623, 118 S.ct. 1604, 140 L.Ed. 2d. 828 (1998) also see... <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)

Petitioner claims he needs counsel and an evidentiary hearing because he was denied effective assistance of counsel at every stage of criminal proceedings. <u>Gideon v. Wainwright</u>, 83 S.ct. 792, 797 (1963)

Petitioner claims the district judge has the power, constrained only by his sound discretion to receive evidence bearing upon the petitioner's constitutional claims. see... Keeney v. Tamayo-Reyes, 504 U.S. 1. 112 S.Ct. 1715, 118 L.Ed. 2d 318 (1992)

Petitioner claims the State Courts incorrectly applied applications of federal law, and he was never given a fair hearing in state court due to the constant violation of his 6th and 14th amendment rights. Petitioner claims he filed for counsel and an evidentiary hearing in the State Courts concerning the issues in the Motion for Postconviction Relief, but he was illegally denied and therefore he was unable to develope the facts in State Court, this was a direct violation of petitioners 6th and 14th amendment rights. see... Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998)

Petitioner claims the State Court is at fault because the factual record is incomplete, and this denied the petitioner the right to obtain evidence in his favor to prove the issues in his motions.

Petitioner claims the evidence the petitioner wants to present to the court could have affected the jury's verdict, and the petitioner could have been found not guilty of all charges.

Petitioner claims he has several witnesses who wanted to testify but the public defenders failed to contact the witnesses therefore petitioner has been denied his witnesses to defend the case. See... U.S. v. Gray, 878 F.2d 702 (3rd Cir. 1989) Petitioner claims with his attorney failing to have his witness ready to testify, it undermined the jury or fact finder's responsibility to determine the existence of the essential elements of a crime beyond a reasonable doubt, which violated his 6th and 14th amendment right. See.... Sullivan v. Fairman, 819 F.2d. 1382

Petitioner claims as in the Habeas Corpus the District Court should further investigate, due to a conflict of interest. The facts of the case went undevelope because the second public defender didn't want to make the first public defender look bad and therefor he compromised the petitioner's 6th and 14th amendment rights to a fair trial. See... Cuyler v. Sullivan, 446 U.S. 335, 350 (1980) also see... Com. v. Lowery, 460 A2d 720 (1983); U.S. v. Tatum, 943 F2d 370 (4th Cir. 1991)

Petitioner claims he needs an attorney not connected to the public defenders office to prove the negligence of the public defenders office violated his 6th and 14th amendment rights which denied him a fair trial. See... Grubbs v. Singletary, 900 F. Supp. 425 (M.D.) also see... U.S. v. Cronic, 104 S.Ct. 2045

Petitioner claims there's no reason my witnesses shouldn't have been investigated or located because my witnesses could have change the outcome of the trial. See... Strickland v. Washington, 104 S.Ct. 2052, 2065

Petitioner claims the victim's son wanted to testify on my behalf because he knew that I was illegally charged but the reason he didnt was because he was not contacted by the public defenders office. Petitioner claims he has gotten several affidavits of witnesses, which are in the appendix of the Writ of Habeas Corpus. Those were just some of the witnesses who wanted to testify but they couldnt write everything in the affidavits, so it would be in the interest of justice for this Honorable Court to appoint counsel and order an evidentiary hearing so the victim's son can explain how his mother practice how she was going to get on the witness stand and commit perjury.

Petitioner also claims that Lisa Thomas was a witness a well and she was threaten not to testify on my behalf which should be clearly enough to investigate due to the violation of petitioners 6th and 14th amendment rights to a fair trial. see... <u>Harris by and through Ramseyer v. Wood</u>, 64 F.3d 1432, 1438-39 (1995)

## Conclusion

WHEREFORE petitioner humbly pray's this Honorable Court grant this motion for counsel and an evidentiary hearing to prove the public defenders was ineffective and denied petitioner the right to a fair trial, in violation of his 6th and 14th amendment rights.

*Cecil Browne*

Cecil Browne
D.C.C.
1181 Paddock Rd
Smyrna DE. 19977

## Certificate of Service

I, Cecil Brourne, hereby certify that I have served a true and correct cop(ies) of the attached: Motion For Appointment of Counsel And An Evidentiary Hearing upon the following parties/person(s):

TO: District Court Clerk
U.S. District Court
844 King St.
Wilm. De. 19801

TO: Hon. J. Farnan Jr.
U.S. District Court
844 King St.
Wilm. De. 19801

TO: Gregory E. Smith
Deputy Attorney General
Dept of Justice
820 N. French St.
Wilm. DE. 19801

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, postage to be paid by the Dept. Of Corrections.

On this 19th day of September, 2005

Cecil Brourne

I/M Cecil Browne
SBI# 177903   UNIT 22-L-A-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Postage on back

X-RAY

Legal

District Court Clerk
U.S. District Court
844 King St.
Wilm. DE. 19801

Legal Mail