IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Cecil Browne,
    Appellant
V.

Thomas Carroll, Warden,
    Appellee,

) C.A. No.
)
)
) Court Below
) District Court
) Civ. Act. No. 04-870-JJF
)



RECEIVED FEB 10 2006 U.S.C.A. 3rd CIR.

## CERTIFICATE OF APPEALABILITY

Comes Now, the appellant Cecil Browne pro-se and moves this Honorable Court pursuant to L.A.R. 22.1 humbly requesting that a Certificate of Appealability be issued by the Third Circuit Court of Appeals due to the violation of appellant's 6th, 8th, and 14th constitutional amendment rights.

Appellant states the Delaware Courts used wrong law, incorrectly applied the facts, therefore this case deserves further proceedings. see... 28 U.S.C. § 2253 (c); <u>Lennox v. Evans</u>, 87 F.3d 431 (10th Cir. 1996).

(1.)

Appellant states he is filing this motion in the interst of justice, and present the following in support of this motion.

The District Court incorrectly decided the facts of this case which have caused a manifest injustice, therefore a Certificate of Appealability must come from the Third Circuit Court of Appeals.

The District Court failed to consider important grounds for relief, one which was the duration of confinement and appellant being illegally sentenced outside T.I.S. guidelines as well as D.O.C. employees being negligent and incompetent due to their not being able to properly interpret the sentencing order and correctly transfer it on to a status sheet.

The Delaware Courts are refusing to honor the constitution or the laws of the extraordinary writ the way they are written because the length of the illegal sentence has increased to 5 more years at level 5.

(2.)

Appellant claims this issue has been presented to the Delaware Courts in the postconviction motion, that the sentence he was serving was illegal since the day of sentence on December 3, 1999.

Appellant claims the State addressed the issue but stop at the claims of Abuse of Discretion, and failed to take into consideration the main part of the issue. The main issue of the negligent and incompetent employees' of D.O.C. because they illegally added 5 years level 5, thereby violating his 6th, 8th and 14th constitutional amendment rights.

Appellant claims the Courts in Delaware failed to grant the necessary relief requested which is required by law, therefore made a wrong application of law. see... <u>Coydeli v. Jackson, 397 F. Supp. 362 (1975)</u> Appellant further claims this issues shows a miscarriage of justice, and no court should be able to overlook the duration of confinement, and should be forced by law to review the merits of the claim.

(3.)

Appellant states he didn't receive any other sentence nor was the sentenced amended therefore the State of Delaware had an obligation to protect his rights check and correct any unfair sentences that weren't Court Ordered.

Appellant claims its evident from the sentencing order and the status sheet that something is wrong, and the State is violating his 6th and 14th amendment rights.

Appellant claims the illegal calculation of sentence has directly affected groups, programs, classification and rehabilitation. Appellant claims this issue alone should create the need to review the status sheet and the sentencing order which is attached to this appeal, as EX!-D

Appellant further claims the State of Delaware refused to protect his rights because any attorney can beat the charges because he is innocent of the charges but with no help the jury still had problems coming up with a guilty verdict.

(4.)

Appellant claims this is a domestic abuse case that was drawn way out of proportion. Appellant further claims the State of Delaware is the only State in the tri-state area to continue to prosecute cases like this case. Appellant claims the record in this case reflects it was the victims sister that told her the appellant had raped her. The case was founded on allegations from the victims sister, and adopted by the victim then State.

Appellant filed a Writ of Habeas Corpus in District Court, due to the State Courts illegally convicting him of the charges stemming from a long relationship of abuse. The State of Delaware totally disregarded the appellant's rights to obtain the illegal convictions and appellant constantly complained of the violations of his 5th, 6th, 8th and 14th constitutional amendment rights. These violations were because of the type of case it was and therefore the public defenders office refused and failed to defend the case properly, thereby violating appellants 6th and 14th constitutional amendment rights.

(5.)

There was and always have been a great need for a competent attorney to handle this case because the public defenders office was doing less as possible and they didn't want or try to win, which was a direct violation of appellant's 5th, 6th, 8th, and 14th Constitutional amendment rights.

Appellant claims he was and have been denied the basic fundamental rights.

Appellant claims he raised the claim of conflict of interest and ineffective assistance of counsel and therefore all issues should have been addressed on the merits. Appellant claims he has shown cause and prejudice from the motions, letters and complaints he filed to the Delaware Courts.

Appellant claims there was a direct conflict of interest and the trial counsel didn't want to bring out the negligence or the violations of his colleague, which caused appellants rights to be compromised. see... Grubbs v. Singletary, 900 F. Supp. 425 (M.D.); Cuyler v. Sullivan 466 U.S. 335, 350, 100 S.Ct. 1708, 1719, 1718, 64 L. Ed 2d 333 also see... Com v. Brown, 415 A2d, 908

(6.)

Appellant claims he didn't get to trial until a year and some days after arrest but the reason for the delay was suppose to be for the new attorney to speak with the appellant about the case. The new attorney violated Superior Court's Order stating, that he speak with appellant about the case.

Appellant claims any attorney could beat the charges if he wanted to however the attorney failed to speak with the appellant about any defense and also failed to prepare the case altogether. see... U.S. V. Cronic, 104 S.Ct 2045 Appellant further claims he was denied the right to appeal these issues due to ineffective assistance of counsel. see... Evitt V. Lucey, 105 S.Ct. 830 (1985)

Appellant further claims in order for him to obtain any type of fair trial, the trial attorney should have brought to the Courts attention the negligence of his public defender's office, because of the untimely motions filed by Ms. Streett. see... Osborn V. Shillinger, 861 F.2d 612 (10th Cir. 1988)

(2.)

Appellant claims the late motion of the Suppression was very important because it allowed for an illegal and very prejudicial statement to be admitted into evidence at trial.

Appellant claims an attorney can be found to be ineffective by filing untimely and improper motions.

Contrary to State and District Courts ruling by failing to address the main issue of the Suppression Motion, which was the issue of being incoherent due to an induced drug and alcohol binge. The mere observation of the taped statement did prejudice and infame the minds of the jury and therefore shouldn't have been allowed or admitted into evidence, without an objection! This error alone is plain on it's face, and is a direct violation of the appellant right to a fair trial, under the 5, 6th and 14th constitutional amendment rights. see... <u>Wainwright v. State, Del. Supr., 504 A.2d 1096 (1986)</u>

Appellant claims he would have been found not guilty of all charges, if the illegal tape statement was addmitted into evidence.

(8.)

Appellant claims any fair honest judge would not have allowed that illegal statement into evidence. Appellant humbly request the Third Circuit to review the tape and rule that it was illegally admitted into evidence. The appellant's fundamental rights were violated through the whole criminal proceedings. The attorney was ineffective due to his failure to protect the appellant's rights, instead he elected to protect Ms. Streett and compounded the negligence, which demonstrates cause and prejudice, set forth in Strickland. see... <u>Strickland v. Washington, 466 U.S. 668, 104 S.ct. 2052, 2065 467 U.S. 1267, 104 S.ct. 3562; 82 L.Ed 864 (1984)</u>

Appellant claims considering the circumstances of this case, counsel was so incompetent that he was not afforded genuine and effective legal representation. see... <u>Harris v. State Del. Supr., 293 A2d 291, 293 (1972)</u>

(9.)

Appellant claims he was denied the right to a fast and speedy trial which is a basic fundamental right, this was a direct violation of his 6th and 14th constitutional amendment rights.

Appellant claims the Superior Court was put on notice that the appellant wished to evolk his speedy trial rights.

Appellant filed several motions under Superior Court Criminal Rule 48.

Appellant claims that he presented in the motion that his witnesses were moving around and therefore the State was in violation of his 6th and 14th constitutional amendment rights. see... Barker v. Wingo 407 U.S. 514, also see Delaware Constitution Article 1 § 7. also see... MiddleBrook v. State, 802 A.2d 268, 273 (Del. 2002)

Appellant claims just as the violation in the sentencing process and the illegal calculation of sentence if this Honorable Court would investigate the speedy trial issue, it would find that the appellant was denied his right to a fast and speedy trial. Appellant claims he was denied the right to a fair trial, because his witnesses all moved.

(10.)

Appellant further claims he raised the claim he was denied witnesses at trial due to a conflict of interest and ineffective assistance of counsel, thereby violating his 6th and 14th amendment right. Appellant claims counsel can be found ineffective for failing to interview witnesses and have them ready to testify at trial. see... Williams v. Washington, 59 F3d. 673 (7th Cir. 1995)

Appellant claims this case brought about an illegal conviction in an illegal manner, there's been a total disregard for appellant's 6th and 14th constitutional amendment rights.

Appellant claims if he would have had his witnesses they could testified about the relationship they seen because they used to live there as well, or the person next door. He witness Brenda chasing the appellant down the street a number of times. Appellant further claims that Brenda's son Dezmon claimed he would testify that he doesn't believe his mother and thinks she is not telling the truth. Dezom would also testify that Brenda's family threaten Lisa a suppose to be witness for the defense.

(11.)

Appellant claims the trial court did allow testimony concerning the relationship, so any testimony concerning the relationship should have been admitted as well.

Appellant further claims it would have been an abuse of discretion, to rule witnesses testimony concerning the relationship wouldn't have been admitted into evidence in accordance with rules of evidence R. 608

Appellant claims he presented affidavits sign under the penalty of perjury by the victims son Dezmon Saunders to the trial and appellant counsel on and right before direct appeal which is also a matter of record, but he refused to do anything. This also denied the appellant fair review on direct appeal thereby violating appellants 6th and 14th amendment rights. see... Evitt v. Lucey 105 S. Ct. 830 (1985)

Appellant claims that his witnesses could have testified that Brenda's family threaten Lisa, not to come to court to testify on Cecil's behalf.

(12.)

Appellant claims if he or any of his family would have threaten Brenda or any State prosecutor's witnesses then the State would have brought criminal charges against that person and that testimony would have been admitted into evidence as more proof dealing with the motive, or case.

Appellant claims he have been denied the basic fundamental protections under the 6th and 14th constitutional amendment rights. see.... Priest v. State, Del. Supr., 227 A2d 576 (1967) also see.... Hodson v. Superior Court, Del. Supr. 239 A2d 222 (1968) Harrison v. State Del. Supr. 305 A2d 318 (1973).

Appellant further claims he is innocent but was denied the right to prove his innocence due to the public defenders office helping the prosecutor, and if the public defenders office didn't help the prosecutor's office to obtain an illegal conviction, the prosecutor would have had a case. see... Murray v. Carrier, 477 U.S. 428, 487 (1986). also see... Schulp v. Delo, 513 U.S. 298, 329 (1995).

(13.)

Appellant claims all of these issues have been presented and require an automatic reversal of these illegal convictions, due to the violation of appellants $5^{th}, 6^{th}, 8^{th}$ and 14th constitutional amendment rights.

## Conclusion

WHEREFORE appellant humbly request that the Third Circuit Court grant this Certificate of Appealability and further order the case be reversed and remand for a dismissal of all criminal charges with prejudice due to the violation of appellants $5^{th}, 6^{th}, 8^{th}$ and 14th constitutional amendment rights.

Cecil Browne
D.C.C.
1181 Paddock Road
Smyrna, DE. 19977

Date: 2/9/06

(14)

## Certificate of Service

I, _Cecil Browne_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion For Certificate of Appealability_ upon the following parties/person (s):

TO: _Third Circuit Court Clerk_
_Court of Appeals_
_601 Market St_
_Philadelphia PA. 19106_

TO: _Hon. J.J. Farnan_
_United State District Court_
_844 King St_
_Wilm. De. 19801_

TO: _Gregory E. Smith ESQ_
_Deputy Attorney General_
_Dept of Justice_
_820 N. French St_
_Wilm De. 19801_

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _9th_ day of _Feb_, 2006

_Cecil Browne_